# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DREMA ANN SPEARS,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-74**  (Cir. Ct. Raleigh Cnty. Case No. CC-41-2022-C-161)

**FILED**

**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BETHANN CORNETT SPEARS,**
**EXECUTRIX OF THE ESTATE**
**OF PAUL RANDALL SPEARS,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Drema Ann Spears appeals the Circuit Court of Raleigh County's February 13, 2025, order, in which the circuit court determined that the conduct of the parties severed a joint tenancy and thus, Respondent Bethann Cornett Spears, Executrix of the Estate of Paul Randall Spears (the "Estate") owned the property in dispute. The issue in this appeal is whether, on remand from a previous appeal, the circuit court complied with this Court's mandate and instructions. The Estate filed a response.[1] Drema Spears did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Paul Randall "Randy" Spears and Drema Spears were conveyed real property located in Raleigh County, West Virginia by deed dated August 3, 1988 (the "Deed"), as joint tenants with rights of survivorship. Mr. Spears and Drema Spears were divorced pursuant to an order of the Circuit Court of Raleigh County entered October 1, 1996. A subsequent order dated January 12, 1999, awarded exclusive title and ownership of the subject real property to Mr. Spears. However, the parties never executed a deed transferring the property exclusively to Mr. Spears. Mr. Spears died in 2021, and Bethann Spears was appointed executrix of his estate.

In May 2022, Drema Spears filed a quiet title and partition action against the Estate in the Circuit Court of Raleigh County claiming that she owned the property by operation

---

[1] Drema Spears is represented by John H. Shumate Jr., Esq. The Estate is represented by Joshua T. Thompson, Esq.

of law upon Mr. Spears' death pursuant to the joint tenancy created in the Deed. The circuit court conducted a bench trial in the action on August 21, 2023. On October 3, 2023, the circuit court entered an order concluding that the terms of the Deed controlled, that the joint tenancy was not severed by the parties' conduct, and that as a joint tenant, Drema Spears owned the property upon the death of Mr. Spears.

The Estate appealed the 2023 order to this Court and the appeal was assigned case number 23-ICA-478. On appeal, the Estate asserted that the parties' conduct following their divorce severed the joint tenancy and, as a result, the Estate owned the property. On November 14, 2024, this Court issued a memorandum decision remanding the case and instructing the circuit court to: (1) "perform a proper analysis, pursuant to *Young* [*v. McIntyre*, 223 W. Va. 60, 672 S.E.2d 196 (2008)], of how the conduct of the parties, both affirmative and passive, expressed their intent regarding the continuation of the joint tenancy;" and (2) "perform additional factual development and analysis regarding the effect of the circuit court's 1999 order upon this case, consistent with the jurisdictional principles in effect at the time of the 1999 order's issuance." *Spears v. Spears*, 23-ICA-478, 2024 WL 4786256, at *3-4 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision). On December 17, 2024, the mandate was issued which provided:

> Pursuant to Rule 26 of the Rules of Appellate Procedure, the memorandum decision previously issued in the above-captioned case is now final and is certified to the Circuit Court of Raleigh County (Case No. CC-41-2022-C-161) and to the parties. This matter is remanded to the Circuit Court of Raleigh County for further proceedings consistent with the memorandum decision.

On February 13, 2025, the circuit court entered an order incorporating the findings of fact in the 2023 order, concluding that the joint tenancy was severed by the actions and inactions of Drema Spears, and determining that the Estate owns the property. In addition, the circuit court appointed the Estate's attorney as special commissioner to execute and record a corrective deed transferring sole ownership of the property to the Estate. This appeal of the circuit court's February 13, 2025, order followed.

We review the order on appeal under a de novo standard of review. Syl. Pt. 4, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 591 S.E.2d 728 (2003) ("A circuit court's interpretation of a mandate of this Court and whether the circuit court complied with such mandate are questions of law that are reviewed *de novo*."). Further:

> [u]pon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.

2

*Cummings*, 214 W. Va. at 804, 591 S.E.2d at 730, Syl. Pt. 3. With these standards in mind, we turn to Drema Spears' sole assignment of error.

On appeal, Drema Spears asserts that the February 13, 2025, order should be reversed because the circuit court did not comply with this Court's mandate by failing to develop any additional facts and analysis regarding the effect of the 1999 order on this case, and by failing to perform a proper analysis pursuant to *Young* of how the parties' conduct expressed intent regarding continuation of the joint tenancy. Conversely, the Estate argues that the circuit court complied with this Court's mandate and instructions and its conclusions were correct. While we acknowledge that the circuit court's order was short on analysis, we agree with the Estate and find that the circuit court's conclusions were proper.

First, we find no error in the circuit court's conclusion that the January 12, 1999, order validly transferred exclusive title to the subject property to Paul Spears, severing the joint tenancy. At the time of the 1999 order, West Virginia Code § 48-2-32 provided that "[i]n order to achieve the equitable distribution of marital property, the court shall, unless the parties otherwise agree, order, when necessary, the transfer of legal title to any property of the parties." The Supreme Court of Appeals of West Virginia recognized that, pursuant to that section, "in a divorce action, a court may order the transfer of legal title to the former marital domicile and household goods to one of the parties." Syl. Pt. 6, in part, *Kyle v. Kyle*, 197 W. Va. 252, 475 S.E.2d 344 (1996).[2] Thus, there exists an order from a court of competent jurisdiction conferring sole ownership of the property to Mr. Spears, and the record does not reflect the existence of any appeal of that order by Drema Spears.

---

[2] The relevant portion of former West Virginia Code § 48-2-32 was recodified as West Virginia Code § 48-7-105 in 2001, and provides, in part:

> In order to achieve the equitable distribution of marital property, the court shall, unless the parties otherwise agree, order, when necessary, the transfer of legal title to any property of the parties, giving preference to effecting equitable distribution through periodic or lump sum payments: Provided, That the court may order the transfer of legal title to motor vehicles, household goods and the former marital domicile without regard to such preference where the court determines it to be necessary or convenient.

W. Va. Code § 48-7-105 (2001). The Supreme Court of Appeals has recognized that this section empowers family courts to transfer legal title to real property between parties to a divorce proceeding. *See Charles H. v. Ruby M.*, No. 17-0882, 2019 WL 1975934, at *3 (W. Va. May 3, 2019) (memorandum decision). To the extent this Court's dicta in *Spears v. Spears*, 23-ICA-478, 2024 WL 4786256 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision) suggested that a family court never has authority to order a transfer of legal title to real property, it was contrary to West Virginia Code § 48-7-105 and is overruled.

3

Secondly, we find no error in the circuit court's conclusion that the parties' conduct showed their intent to sever the joint tenancy. *See* Syl. Pt. 8, *Young v. McIntyre*, 223 W. Va. 60, 672 S.E.2d 196 (2008) (following a divorce, the parties' intent to sever a joint tenancy can be implied from their conduct). The evidence of record demonstrates that following their divorce, Mr. Spears lived on the property continuously after the date it was awarded to him, paid all the property taxes and maintenance expenses, and attempted to have a corrective deed executed in his name only but was ignored by Drema Spears. On the other hand, the record indicates that after the 1999 order was entered awarding the property solely to Mr. Spears, Drema Spears failed to visit the property for over twenty years, failed to pay for any maintenance or taxes on the property, and actively prevented Mr. Spears from having a corrective deed executed. Given these circumstances, we can find no error in the circuit court's conclusion that Mr. Spears and Drema Spears intended to sever the joint tenancy after their divorce and the entry of the 1999 order. A contrary finding could result in the type of windfall that the Supreme Court of Appeals of West Virginia expressed concern about in *Young*.

Accordingly, the circuit court's February 13, 2025, order is affirmed and it supersedes the circuit court's previous order entered October 3, 2023.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge S. Ryan White

**DISSENTING:**

Judge Daniel W. Greear

GREEAR, J., dissenting:

I must respectfully dissent from the majority decision. I would find that the circuit court erred by failing to conduct any analysis in compliance with the Intermediate Court Mandate entered on December 17, 2024.

In our memorandum decision entered November 14, 2024, we remanded the matter and directed the circuit court to analyze the effect of the circuit court's 1999 order, and to

correctly apply and analyze *Young v. McIntyre*, 233 W. Va. 60, 672 S.E.2d 196 (2008). Following remand, the circuit court entered a two-page order consisting of two conclusory sentences.

The circuit court's order wholly fails to analyze the effects of the 1999 order regarding severance of the joint tenancy with right of survivorship. Instead, it summarily finds the 1999 order severed joint tenancy with no further discussion. Nor does the order give any basis regarding how the circuit court applied the framework of *Young v. McIntyre* to the facts of this case. Wherefore, I respectfully dissent.